IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD ANTHONY WILSON,

        Plaintiff,

                              CIVIL ACTION
  vs.                         No. 08-3239-SAC

CORRECT CARE SOLUTIONS,
et al.,

        Defendants.


RICHARD A. WILSON,

        Plaintiff,

                              CIVIL ACTION

  vs.                         NO. 08-3286-SAC

CORRECT CARE SOLUTIONS,

et al.,

        Defendants.


**MEMORANDUM AND ORDER**

This matter is a consolidated action of two complaints filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis and commenced this action while incarcerated in a state correctional facility. He complains that

following dental work, he suffered from pain, bleeding, and infections for an extended period of time and thereafter was denied adequate dentures.

The court has studied the record developed in this matter and enters the present order to advise the parties that it is considering the entry of summary judgment in favor of defendants pursuant to Rule 56(f)(3).

**Summary judgment standard**

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. As amended effective December 1, 2010, Rule 56(f) provides:

> **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Summary judgment is appropriate where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Where a reasonable juror could not return a verdict for the non-moving party, there is no need for a trial, and summary

judgment is proper. *Celotex,* 477 U.S. at 323. The entry of summary judgment is not a "disfavored procedural shortcut," but rather an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Id.* at 372 (quoting Fed.R.Civ.P. 1).

In resisting a motion for summary judgment, a party may not rely on bare allegations or denials but instead must present specific facts showing that there is a genuine issue of material fact for trial and significant supporting evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

The court identifies the following facts and legal authorities as the bases for the entry of summary judgment in favor of the defendants.

**Facts**

1. Plaintiff was an inmate in the custody of the Kansas Department of Corrections from approximately September 4, 2007, to July 10, 2009. During this period, he was briefly released to the custody of Oklahoma authorities. (Doc. 67, *Martinez* report, p.2, ¶ 1 and Ex. 1.)

2. On September 10, 2007, plaintiff's dental status was evaluated by an LPN. He reported tooth pain for approximately one year prior to the evaluation, constant discomfort, and

sensitivity to cold foods and solid foods. Notes show his overall dental health was poor, with loose teeth and several missing teeth. He was given medication. *(Id.*, p. 6, ¶ 5B, and Ex. 3.)

3. On September 18, 2007, plaintiff was diagnosed with gingivitis. He was X-rayed and a chart of his teeth was created. (*Id.*, ¶ 5C and Ex. 5.)

4. On September 25, 2007, plaintiff reported during a mental health visit that he could not eat due to dental pain. (*Id.*, ¶ 5D and Ex. 6.)

5. On October 10, 2007, plaintiff reported during a mental health visit that he had been grinding his teeth. (*Id.*, p. 7, ¶ 5E and Ex. 7.)

6. During the time relevant to this action, Correct Care Solutions (CCS) was the health care provider at the Larned Correctional Mental Health Facility (LCMHF). (*Id.*, p. 2, Uncontroverted Statement of Facts, ¶ 2.)

7. Dr. Sean Fay, a defendant in this action, is employed by CCS as a dentist. In the course of his employment, he provided dental care to inmates at the LCMHF and the Ellsworth Correctional Facility (ECF). (*Id.*, p. 3, ¶ 3.)

8. Defendant Fay examined plaintiff on December 4, 2007, in

response to plaintiff's complaint of tooth pain. Following the evaluation, defendant Fay explained his findings to plaintiff.

Plaintiff signed a consent, and defendant Fay removed plaintiff's remaining six upper teeth and sutured his top gum. Plaintiff was to return the next week for removal of the sutures. The procedure left plaintiff with only front lower teeth. (*Id.*)

9. On December 7, 2007, plaintiff complained of bleeding and pain in his gums. Defendant Fay found plaintiff's gums swollen but noted no bleeding, redness, or draining. (*Id.*)

10. On December 14, 2007, defendant Fay again examined plaintiff in response to a complaint. Medications and treatments were continued. (*Id.*)

11. On December 19, 2007, defendant Fay examined plaintiff's gums and found severe inflammation and infection. He prescribed medication. (*Id.*)

12. On December 26, 2007, defendant Fay found plaintiff had less inflammation and noted the healing was unusually slow. Plaintiff complained he was not receiving a soft diet, and defendant Fay asked the director of nursing to ensure plaintiff was receiving an appropriate diet. (*Id.*)

13. On January 8, 2008, plaintiff complained of gum pain,

and defendant Fay noted canker sores in his upper gum area. Defendant Fay suspected plaintiff's lower teeth were irritating his gum. (*Id.*)

14. On January 9, 2008, defendant Fay saw plaintiff for another complaint of gum pain. Plaintiff reported he was digging "black stuff" from his gum. Defendant Fay noted the tissue was nearly healed. He offered to have plaintiff's diet changed to a blenderized diet so that he would not have to chew. Plaintiff declined. (*Id.*, p. 4.)

15. On April 23, 2008, plaintiff requested dentures, and defendant Fay submitted a request. He advised plaintiff that there was a waiting period and that there could be a wait of several months. (*Id.*)

16. On June 3, 2008, defendant Fay saw plaintiff for complaints of gum pain, discomfort with both hot and cold foods, and intermittent pain. Defendant Fay discovered a bone chip had emerged from plaintiff's gum line. Defendant Fay scheduled a time to see plaintiff, but plaintiff was transferred to the Lansing Correctional Facility, and the appointment did not take place. (*Id.*)

17. Defendant Fay saw plaintiff on August 24, 2008, and plaintiff inquired about the status of the request for dentures.

(*Id.*)

18. Defendant Fay saw plaintiff on September 3, 2008, to treat his lower teeth and to make impressions for dentures. However, because plaintiff suffers from neck and facial tics and twitching, defendant Fay was unable to treat his teeth. He believed, however, that he would be able to obtain a good impression for purposes of fabricating dentures. (*Id.*)

19. Defendant Fay saw plaintiff on October 1, 2008, and was unable to make denture impressions because plaintiff was not able to tolerate the process. Plaintiff was scheduled for another appointment in two weeks to allow for fabrication of a custom device to prepare the impression. (*Id.*)

20. Defendant Fay attempted the procedure on October 15, 2008. He obtained a denture impression and sent it for use in a prosthetic to test on plaintiff. (*Id.*)

21. On October 22, 2008, plaintiff selected the color of his dentures. (*Id.*, p. 5.)

22. On December 31, 2008, plaintiff received his dentures. Defendant Fay examined the fit, noted that plaintiff's speech quality was good, and advised plaintiff to submit a request if he needed additional attention. (*Id.*)

23. On January 14, 2009, plaintiff complained about the

functioning of his dentures and pressure under his nose. Defendant Fay discussed the complaints with plaintiff and determined that he was not using the dentures properly. He counseled plaintiff on proper use. (*Id.*)

24. On February 4, 2009, defendant Fay adjusted plaintiff's dentures to accommodate his sensitive gag reflex. This was the final contact between defendant Fay and plaintiff. (*Id.*)

25. Defendant Fay states that his treatment of plaintiff conformed with the standard of care, that plaintiff consented to the removal of his teeth, that plaintiff's healing process was slow, and that he offered plaintiff all necessary treatment. (*Id.*)

**Legal authorities**

The Eighth Amendment requires prison officials to provide adequate medical care, including dental care, to prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980).

To state a claim under the Eighth Amendment for failure to provide constitutionally adequate medical care, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993)(emphasis omit-

8

ted)(quoting *Estelle v. Gamble,* 429 U.S. at 106).

The deliberate indifference standard has two elements: first, an objective element that requires a showing that the pain or deprivation is sufficiently serious, and second, a subjective element requiring a showing that the defendant officials acted with a sufficiently culpable state of mind. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999)(citing *Wilson v. Seiter,* 501 U.S. 294, 298-99 (1991)). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999).

In contrast, a mere difference of opinion between a medical provider and the prisoner concerning the proper treatment is not sufficient to state a claim under the Eighth Amendment. *Ramos*, 639 F.2d at 575. Nor does delay in providing medical care violate the Eighth Amendment unless there is a showing that the delay caused substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). Finally, "[a] negligent failure to provide adequate medical care, [and] even one constituting medical

malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

The court's review of the record supports the conclusion that plaintiff had a serious medical need, and that he was afforded a course of dental treatment that was responsive to his complaints. Plaintiff was seen by defendant Fay on a number of occasions, and, over a period of months, plaintiff received medication, dental extractions, dentures, and examinations. Defendant Fay ordered a soft diet for plaintiff, monitored his healing process, and counseled him on the proper use of the dentures.

While plaintiff continued to suffer from discomfort, the present record does not support a conclusion that his dissatisfaction was more than a difference of opinion or that defendant Fay acted with any deliberate indifference in the provision of dental treatment. Rather, it appears defendant Fay was responsive to plaintiff and provided an array of treatment intended to optimize his dental condition.

Accordingly, the court advises plaintiff that to avoid the entry of summary judgment, he must respond to this order on or before July 15, 2011, and must provide any objection to the

entry of summary judgment.  Plaintiff may not rely on a general denial but must provide specific facts or legal arguments to demonstrate that defendants are not entitled to summary judgment.

IT IS, THEREFORE, BY THE COURT ORDERED the parties are notified that the court is considering the entry of summary judgment on behalf of defendants pursuant to Rule 56(f)(3).

IT IS FURTHER ORDERED plaintiff is granted to and including July 15, 2011, to respond to this order and set forth any ground, legal or factual, in opposition to the entry of summary judgment in this matter.  The failure to provide a timely response will result in the entry of summary judgment on behalf of defendants without additional prior notice to the plaintiff.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 15th day of June, 2011.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge