```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

RICHARD ANTHONY WILSON,

        Plaintiff,

                            CIVIL ACTION
  vs.                        No. 08-3239-SAC

CORRECT CARE SOLUTIONS, et al.,

        Defendants.

RICHARD A. WILSON,

        Plaintiff,

                            CIVIL ACTION
  vs.                        No. 08-3286-SAC

CORRECT CARE SOLUTIONS,
et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is a consolidated civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis.

By its order entered on June 15, 2011 (Doc. 70), the court notified the parties that it was considering the entry of summary judgment on behalf of defendants pursuant to Rule

56(f)(3) of the Federal Rules of Civil Procedure. The plaintiff was granted to and including July 15, 2011, to file a response and to set forth any ground in opposition to the entry of summary judgment.

The copy of the order mailed to plaintiff at his last known address was returned to the clerk of the court as undeliverable (Doc. 71), and there has been no response to the court's order.

The court has considered the matter and concludes the entry of summary judgment on behalf of defendants is appropriate. The uncontested record does not establish an arguable claim of a constitutional violation arising from the dental care provided to plaintiff during his incarceration. The record reflects a considerable course of treatment was offered to plaintiff, and it does not reasonably suggest he was subjected to deliberate indifference by any defendant. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(explaining deliberate indifference standard for a claim under the Eighth Amendment). As the court explained in its earlier order, neither a difference of opinion between a prisoner and medical staff regarding the treatment provided nor a claim of malpractice is sufficient to state a claim for relief under the Eighth Amendment. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999).

IT IS, THEREFORE, BY THE COURT ORDERED the clerk of the court shall enter summary judgment on behalf of the defendants. This consolidated action is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 19th day of July, 2011.

```
                         S/ Sam A. Crow
                         SAM A. CROW
                         United States Senior District Judge
```